# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BILLY D. THORNE,<br><br>　　　　Defendant. | No. 13-CR-3052-LRR<br><br>**ORDER** |

## I. INTRODUCTION

The matter before the court is Defendant Billy D. Thorne's Objections ("Objections") (docket no. 47) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 36), which recommends that the court deny Defendant's Motion to Suppress ("Motion") (docket no. 24).

## II. RELEVANT PROCEDURAL HISTORY

On December 3, 2013, a grand jury returned an Indictment (docket no. 2) that charged Defendant with knowingly possessing, in and affecting commerce, a firearm after previously having been convicted of crimes punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The Indictment also contained a forfeiture allegation. On February 18, 2014, Defendant filed the Motion. On February 25, 2014, the government filed a Resistance to the Motion (docket no. 30). On February 27, 2014, Judge Scoles held a hearing on the Motion. *See* February 27, 2014 Minute Entry (docket no. 34). Defendant appeared in court with his attorney, Terence McAtee. Assistant United States Attorney Dan Tvedt represented the government. On March 3, 2014, Judge Scoles issued his Report and Recommendation. On March 17, 2014, Defendant filed his Objections. The Objections and Report and Recommendation are fully submitted and ready for decision.

## III. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (noting that a district judge must "undertake[] a de novo review of the disputed portions of a magistrate judge's report and recommendations"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."). It is reversible error for a district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the court reviews the disputed portions of the Report and Recommendation de novo.

## IV. ANALYSIS

Defendant objects to Judge Scoles's finding that Defendant voluntarily consented to a search of his phone. Specifically, Defendant contends that Judge Scoles failed to consider as aggravating that "it is possible that an attorney had already been appointed to represent [Defendant] . . . by the time Detective [Daniel] Vallejo [of the Ankeny Police Department] approached [Defendant] to obtain his consent to search his phone," and that "Detective Vallejo did not give [Defendant] his *Miranda* warnings." Objections at 2-3. Defendant also argues that Judge Scoles improperly found that Defendant was not "impaired or unable to appreciate the nature and significance of [Defendant's] consent to search the phone." *Id.* at 3 (quoting Report and Recommendation at 7). After a de novo

2

review of the record, the court overrules Defendant's Objections and adopts Judge Scoles's factual and legal findings in their entirety.

A court determines the voluntariness of a person's consent by assessing "the totality of all the surrounding circumstances—both the characteristics of the accused and the details of the interrogation." *Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973); *see also United States v. Smith*, 260 F.3d 922, 924 (8th Cir. 2001) (discussing the individual characteristics and environmental factors relevant to a court's determination of the voluntariness of a person's consent); *United States v. Chaidez*, 906 F.2d 377, 381 (8th Cir. 1990) (same). "The government bears the burden to prove by a preponderance of the evidence that consent to search was freely given . . . ." *Smith*, 260 F.3d at 924.

The voluntariness of a defendant's consent is examined based on the totality of the circumstances, and courts look to the following, non-exhaustive list of relevant factors:

> (1) the individual's age and mental ability; (2) whether the individual was intoxicated or under the influence of drugs; (3) whether the individual was informed of [his] *Miranda* rights; and (4) whether the individual was aware, through prior experience, of the protections that the legal system provides for suspected criminals. It is also important to consider the environment in which an individual's consent is obtained, including (1) the length of the detention; (2) whether the police used threats, physical intimidation, or punishment to extract consent; (3) whether the police made promises or misrepresentations; (4) whether the individual was in custody or under arrest when consent was given; (5) whether the consent was given in public or in a secluded location; and (6) whether the individual stood by silently or objected to the search.

*United States v. Quintero*, 648 F.3d 660, 667 (8th Cir. 2011) (quoting *United States v. Golinveaux*, 611 F.3d 956, 959 (8th Cir. 2010)). Thus, relevant factors include the personal characteristics of Defendant and the environment surrounding Defendant's consent. *United States v. Cisneros-Gutierrez*, 598 F.3d 997, 1003 (8th Cir. 2010) ("In

3

determining voluntariness, the personal characteristics of the individual who supposedly consented and the environment in which the consent allegedly occurred are relevant.").

The court first notes that whether Defendant was appointed an attorney before consenting to the search is wholly irrelevant to the question of whether Defendant voluntarily consented to the search of his phone.[1] The court does not disagree with Defendant that it "is possible that an attorney had already been appointed to represent [Defendant]" before Detective Vallejo obtained his consent. Objections at 2. Defendant cites to no authority that suggests that a person's consent is rendered involuntary—or indeed that it is even a factor a court considers in determining the voluntariness of a person's consent—without the person's attorney being present, and the court is aware of no such authority. Contrary to Defendant's contention, even if Defendant had been appointed an attorney prior to giving consent to search his phone, the fact that Defendant's attorney was not present is not an aggravating factor the court considers in determining the voluntariness of Defendant's consent to the search.

Turning to Defendant's argument that Judge Scoles incorrectly found that Defendant was not impaired when he consented to the search, the court, after conducting a de novo review and reviewing the transcript of the suppression hearing, agrees with Judge Scoles that Defendant's consent was voluntary. *See* Transcript of Hearing on Motion to Suppress (docket no. 40). Defendant does not adduce any additional evidence or provide any additional authority to convince the court otherwise. As Judge Scoles accurately stated:

> There is no evidence . . . that Defendant was not able to understand the nature and significance of his actions when consent was given. Detective Vallejo credibly testified that nothing in Defendant's appearance, demeanor, or responses

---

[1] Related to this argument, Defendant also objects that facts that suggested Defendant had a court-appointed attorney were not included in the Relevant Facts section of the Report and Recommendation. *See* Objections at 1-2. The court has considered these facts and still finds that this argument is without merit.

> suggested he was suffering from a mental disorder. According to Vallejo, Defendant had no difficulty communicating with him and did not appear impaired in any way. "Although mental condition is relevant to a suspect's susceptibility to police coercion, coercive police activity is a necessary predicate to a finding that a confession was not voluntary within the meaning of the due process clause." *United States v. Galceran*, 301 F.3d 927, 931 (8th Cir. 2002). The record here lacks any evidence of "coercive police activity."
>
> . . . There is no evidence that the "pressures exerted upon" Defendant caused his will to be "overborne." [*United States v.*] *Jorgensen*, 871 F.2d [725, 729 (8th Cir. 1989)]. Defendant, who is an experienced criminal, met briefly with two detectives while they asked for consent to search his phone. Defendant then signed a written consent form, which acknowledged his right "to refuse consent to a search." While Detective Vallejo could not recall whether Defendant was verbally told that he had a right to refuse consent, such a verbal warning was not required. *United States v. Zamora-Coronel*, 231 F.3d 466, 470 (8th Cir. 2000) ("Whether an officer [informs a suspect of his right to refuse consent] constitutes 'a significant, but not determinative, factor' in determining voluntariness.") (quoting *Chaidez,* 906 F.2d at 381-82)). No *Miranda* warning was given, but none was required. *Saenz*, 474 F.3d at 1137 ("We have not required an officer to provide *Miranda* warnings before requesting consent to search or held that an absence of *Miranda* warnings would make an otherwise voluntary consent involuntary."). Defendant's reliance on his history of mental illness falls short. There is simply no evidence that Defendant was impaired or unable to appreciate the nature and significance of his consent to search the phone. *Id.* at 1136.

Report and Recommendation at 6-7 (alterations in original). Accordingly, Defendant voluntarily consented to a search of his phone and the evidence obtained through the search of Defendant's phone shall not be suppressed.

## V. CONCLUSION

In light of the foregoing, the court **ORDERS**:

(1) The Objections (docket no. 47) are **OVERRULED**;

(2) The Report and Recommendation (docket no. 36) is **ADOPTED**; and

(3) The Motion (docket no. 24) is **DENIED**.

**DATED** this 21st day of March, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA